**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD WILLIAMS, | : | CIVIL ACTION NO. 14-8028 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| CITY OF SOUTH AMBOY, et al., | : | |
| Defendants. | : | |

**THE DEFENDANTS** unanimously removed this action from state court. (See docket entry no. ("dkt.") 1, Notice of Removal at 2–5.) The defendants dated the Notice of Removal for December 24, 2014. (See id. at 4–5; dkt. 1-1, Civil Cover Sheet at 1.) However, the defendants did not file the Notice of Removal with the Office of the Clerk of the United States District Court for the District of New Jersey ("Clerk's Office") until December 29, 2014. (See generally dkt. 1 (reflecting the defendants electronically filed — and the Clerk's Office entered — the Notice of Removal on 12-29-14).)

**THIS COURT** then ordered the parties to show cause why this action should not be stayed and administratively terminated. (See dkt. 2, Order to Show Cause at 1–5.) In response, the plaintiff requested that this Court remand this action. (See dkt. 4, Pl. Br. at 1, 4–8.) See 28 U.S.C. § 1447(c). The plaintiff's request is incorrectly listed on the electronic docket as having been filed with the Clerk's Office on January 23, 2015; the

plaintiff filed supporting papers with the Clerk's Office on January 16, 2015, but the Clerk's Office did not enter those papers until January 23, 2015. (See Pl. Br. at 1 (featuring Clerk's Office stamp reflecting 1-16-15 filing date); see generally dkt. 4 (reflecting 1-23-15 entry date).)

**THE CONFUSION** concerning the filing date of the plaintiff's request is of no moment, as that request was timely by any measure. Assuming arguendo that the defendants removed this action on December 24, 2014, and that the plaintiff did not file the remand request until January 23, 2015, that remand request was still made within the statutory thirty-day limit. See 28 U.S.C. § 1447(c) (stating party to seek remand within 30 days of when notice of removal is filed).

**THE PLAINTIFF** argues that the defendants failed to timely remove this action. (See dkt. 4, Pl. Counsel Certification at 3 (stating that: (1) on "November 18, 2014, a summons and complaint was properly served and receipt was acknowledged on all named Defendants"; (2) on "November 25, 2014, an affidavit of service was filed with the [state court]"; (3) on "December 24, 2014, Defendants filed a Notice of Motion for Removal from State Court into Federal Court"; and (4) the "Notice of Removal was filed untimely, as 36 days had elapsed between proper service and the filing of the Notice of Removal").) The plaintiff supports the arguments with the necessary documentation. (See dkt. 4, Defs. Acknowledgment of Service and Affidavits of Service.) The defendants have not opposed the plaintiff's remand request.

**THE PLAINTIFF** is correct that the defendants failed to remove this action within the relevant statutory thirty-day period.  <u>See</u> 28 U.S.C. § 1446(b)(1) (stating notice of removal to be filed in federal court within 30 days of service of initial pleading).  The defendants do not contest the plaintiff's arguments that service was properly accomplished on November 18, 2014, and that the removal of this action occurred at least six days too late.  The defendants also do not contest the timeliness of the plaintiff's objection to removal.

**THIS COURT** will therefore vacate the Order to Show Cause and remand this action.  For good cause appearing, this Court will issue an appropriate order and judgment.

   s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:  March 11, 2015

3